UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SOMNANG CHEA,<br><br>    Defendant. | Case No. 2:18-cr-00123-KJM-1<br><br><br>ORDER |

       The United States moves to quash a subpoena issued to the Stockton Police Department for the disciplinary records of one of its former officers. As explained below, confirming the bench order issued prior to sentencing on June 10, 2019, the court DENIES the motion. Also, as indicated from the bench and explained below, the court declines to issue an order to show cause to the Stockton Police Department.

I.    BACKGROUND

       On April 11, 2019, following the government's "significant [proposed] change to the presentence report" ("proposed Paragraph 9"), defendant Somnang Chea filed a motion to continue sentencing, citing his outstanding subpoena for officer Kyle Tacker's disciplinary record and need to investigate "the applicability of the reckless endangerment enhancement to his case."

1

ECF No. 35 at 3−4.[1]  The government opposed, arguing Chea improperly seeks delay "for the purpose of obtaining impeachment material against a witness that the government will not call, in an evidentiary hearing that has not been scheduled." ECF No. 39 at 1.  In his reply, Chea argued he is entitled to Tacker's disciplinary record, "particularly as [it] relate[s] to his truthfulness," because the government's proposed Paragraph 9 is based on Tacker's police report and "narration of the [body camera] video of the incident." ECF No. 42 at 1−2.

The court heard argument on the motion on April 29, 2019 and deferred ruling but permitted the parties to file supplemental briefs. ECF No. 45. The government then supplemented its brief and moved to quash Chea's Rule 17(c) subpoena and deny any motion to compel compliance with that subpoena. Quash Mot., ECF No. 46. Chea opposed the motion to quash, Quash Opp'n, ECF No. 49, moved for an order to show cause against the City of Stockton for failure to comply with the subpoena, OSC Mot., ECF No. 59,[2] renewed his motion to continue, Cont. Mot., ECF No. 52, and moved to compel production of Tacker's disciplinary records and complete body camera footage as improperly withheld *Brady* materials. Brady Mot., ECF No. 53. The government opposes Chea's motions, Cont. Opp'n, ECF No. 56, Brady Opp'n, ECF No. 55, and Chea replied, Brady Reply, ECF No. 57, Cont. Reply, ECF No. 58. The court heard argument on these motions on May 20, 2019 and denied Chea's motion to compel, denied without prejudice his motion for an order to show cause, and, after resetting sentencing on the court's own motion, denied as moot Chea's motion to continue. ECF No. 60 (hearing mins.). The court submitted the government's motion to quash, *see id.*, which it confirms as resolved here, along with clarification of its ruling on the motion for an order to show cause.

II.  LEGAL STANDARD

"[A] 'pretrial' criminal subpoena [under Rule 17(c)] can be issued for a sentencing proceeding." *United States v. Krane*, 625 F.3d 568, 573 (9th Cir. 2010) (citing *United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981) ("Although Rule 17 subpoenas are generally employed

---

[1] The court cites ECF page numbers, not the briefs' internal pagination.
[2] On May 20, 2019, following hearing on these motions, Chea filed a corrected motion for an order to show cause, attaching the exhibits referred to in that motion. ECF No. 59. The version filed originally, ECF No. 51, omitted those exhibits.

in advance of trial, we see no reason why their use should not be available for post-trial motions and sentencing.")). A party's right to a pre-sentencing subpoena "is not unfettered," and where "a pre-sentencing subpoena is sought, the trial court must apply the *Nixon* factors in the specific context of sentencing." *Id.* (referring to *United States v. Nixon*, 418 U.S. 683 (1974)). In this context, the party seeking the subpoena must show:

> (1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of due diligence; (3) that the party seeking production cannot properly prepare for post-trial motions or sentencing without advance inspection; and (4) that the application is made in good faith and is not simply intended as a general "fishing expedition."

*Id.* (quoting *Winner*, 641 F.2d at 833).

Under Rule 17, upon a prompt motion, "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The decision to issue or enforce a subpoena is subject to the district court's discretion. *Nixon*, 418 U.S. at 702 ("Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues.").

III. DISCUSSION

  A. Motion to Quash

In its motion to quash, the United States argues, in part, "the government has no legal obligation to produce impeachment material against a witness it will not call at an evidentiary hearing that this Court has not ordered." Quash Mot. at 4. Notably, the United States asserts this argument on behalf of "the government" without addressing the fact that the subpoena is directed to the Stockton Police Department, not the United States. *See* ECF No. 59-2 at 1 (subpoena). The United States does not argue that it and the Stockton Police Department, taken together, constitute "the government." Nor could the United States advance such an argument without contradiction, considering it argues elsewhere in this case that "the government [meaning, the United States] is under no duty to produce materials not under its control" where the materials sought are under

/////

"[s]tate law enforcement [meaning the Stockton Police Department's]" control. *See* Brady Opp'n at 1−2, 3 n.2.

Relying on *United States v. Tomison*, 969 F. Supp. 587 (E.D. Cal. 1997), Chea argues "only the Stockton Police Department may move to quash this request." Quash Opp'n at 1. The United States did not file a reply and therefore did not respond to this argument in its briefing. At the May 20, 2019 hearing, however, the government also relied on *Tomison*, arguing it establishes that the United States has standing to quash the subpoena where compliance would create an unreasonable delay in sentencing.

In *Tomison*, the court addressed whether the prosecution, the United States, had standing under Article III of the United States Constitution or Rule 17(c) to move to quash a pretrial subpoena issued to a third party. *Tomison*, 969 F. Supp. at 589. Noting "[a] party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests," and finding the government had not carried its burden of establishing any such interest, the court concluded the government lacked standing to move to quash or modify the third-party subpoena. *Id.* at 596 (citations omitted). In so doing, the court also noted, "[t]here is no suggestion, nor could there be, that as to the government the subpoena is unreasonable or oppressive, nor a showing that its issuance will result in a delay of the trial." *Id.* The government appears to rely on the latter statement in *Tomison* in making the analogous argument it has standing to move to quash the subpoena because the subpoena's enforcement would unreasonably delay sentencing.

The Seventh Circuit has determined the government may have standing to quash a third party subpoena "rest[ing] upon its interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [subpoenaed witness]'s credibility." *See United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982).[3] Several district courts have picked

---

[3] In *Raineri*, the Seventh Circuit found the prosecution had standing to move to quash a subpoena to an out-of-state prosecution witness who had testified at trial and who the defendant had subpoenaed to testify again as a defense witness, finding, "[t]he prosecution's standing rested upon its interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [subpoenaed witness]'s credibility." 670 F.2d at 712.

4

up on the Seventh Circuit's standard. *See, e.g.*, *United States v. Jenkins*, 895 F. Supp. 1389, 1393 (D. Haw. 1995) (citing *Raineri*, finding government's interest in protecting victim against harassment supported standing to move to quash pretrial subpoena *duces tecum* issued to third party); *United States v. Johnson*, No. 14-CR-00412-TEH, 2014 WL 6068089, at *3 (N.D. Cal. Nov. 13, 2014) (citing *Raineri* and finding government did not have standing independently to move to quash a 17(c) subpoena, but considering government arguments because Police Department with standing joined government motion); *United States v. Lester*, No. 1:14-CR-00236-DAD-BAM1, 2016 WL 5109611, at *2 (E.D. Cal. Sept. 19, 2016) (citing to *Jenkins*' articulation of *Raineri* standard in analyzing and rejecting government's standing argument based on undue harassment of a victim witness). The court has not identified any authority addressing the question of whether undue delay in sentencing is the kind of interest that can support the government's standing in moving to quash a third party subpoena.

Despite some courts' passing references to possible standing based on the government's interest in "preventing undue lengthening of the trial," this court has not identified any controlling authority holding the government has standing on that basis alone. It is not clear even that *Raineri* supports such a proposition, particularly because that decision did not address Rule 17(c). *See United States v. Nachamie*, 91 F. Supp. 2d 552, 559−60 (S.D.N.Y. 2000) (finding government's reliance on *Raineri* and other authority revealed a "misunderstanding of the concept of standing to quash a Rule 17(c) subpoena" and cautioning *Raineri*'s identification of government interests "cannot be applied uncritically"). Indeed, the court in *Tomison* noted its disagreement with *Ranieri*, in that *Raineri* would grant the government standing to object to the admission of evidence at trial but not to the pretrial production of documents because, "[i]n *Nixon*, the Supreme Court explained that the grounds relied upon by the Seventh Circuit are not available to quash the subpoena." *See Tomison*, 969 F. Supp. at 596 n.22; *see also Nixon*, 418 U.S. at 698–700 (1974) ("A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' but not otherwise."); *Tomison*, 969 F. Supp. at 591–92 & n.10 (noting Rule 17(c)(2)'s language anticipates "difficulty of compliance" as the basis for any motion to quash and thus "suggests that the party to whom the subpoena is directed is the only party with 'standing' to oppose

it," referring to standing in the prudential, not constitutional, sense). Moreover, even if delay or lengthening of trial were a satisfactory interest to establish standing, a delay in trial is a different matter compared to a delay in sentencing.

The government bears the burden of establishing its standing to move to quash the subpoena issued to the Stockton Police Department and it has not met its burden. *See Tomison*, 969 F. Supp. at 596. The motion is DENIED.

B. Motion for Order to Show Cause

Arguing the Stockton Police Department's[4] deadline to comply with Chea's subpoena passed without the Department filing a motion to quash or otherwise modify the subpoena, Chea requests the court issue an order to show cause. OSC Mot. at 3−4.

For the court to issue an order to show cause, it would need to be satisfied the subpoena was properly served. Here there is no such indication in the record before the court. Chea represents that after the Police Department refused to accept service of the subpoena by fax, "Chea sent Investigator Henry Hawkins to serve them [sic] personally on April 25, 2019." *Id.* at 2 (citing Attachment B). The proof of service cited by Chea, however, states on its face that the subpoena was delivered "via fax," not personal service, and contains multiple dates, names and signatures in each field, with certain dates appearing to be inaccurate. Attachment B, ECF No. 59-2 at 2 (e.g., subpoena received on "4/25/19," but served and verified on "4/24/19"). In short, the proof of service does not establish proof of valid service. While defense counsel offered to file a declaration from the process server to further clarify how service was effected, the defense previously has been allowed to complete the record on service. *See* note 2 *supra*. The defense has not shown good cause now to allow further supplementation.

/////

/////

/////

---

[4] Chea alternates between and appears to treat as interchangeable the "City of Stockton" and the "Stockton Police Department" throughout his motion. The subpoena was issued to the Stockton Police Department, not the City of Stockton, *see* OSC Mot., Ex. B, and so the court references the subpoenaed party as the Police Department here.

With no indication the Stockton Police Department is in receipt of a properly served subpoena, the motion for an order to show cause is DENIED.

IT IS SO ORDERED.

DATED: June 12, 2019.

_____
UNITED STATES DISTRICT JUDGE